JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Joseph Scales

**DEFENDANTS**
The GEO Group, Inc., Quetta Brown-Yarsiah, NP, Shelly Mealo, RN, Anne Raynor, RN, Nicole Sheron, RN, Rachel Scully, RN, and (See attached Addendum listing all Defendants)

**(b)** County of Residence of First Listed Plaintiff    Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Harry J. Oxman, Esquire and Dawna M. Coffey, Esquire
1015 Chestnut Street, Suite 1500
Philadelphia, PA 191076 (215) 665-9999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from Another District *(specify)*     ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983, U.S.C. Section 1331, 1343(a)(3), 1343(a)(4), 1367(a) and 1391

Brief description of cause:
Civil rights, personal injury and medical malpractice.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____     DOCKET NUMBER _____

DATE
10/09/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## ADDENDUM TO COVER SHEET

**Complete list of Defendants**:

1.  THE GEO GROUP, INC.
    500 Cheyney Road
    Thornton, PA 19373

2.  QUETTA BROWN-YARSIAH, NP
    c/o The GEO Group, Inc.
    500 Cheyney Road
    Thornton, PA 19373

3.  SHELLY MEALO, RN
    c/o The GEO Group, Inc.
    500 Cheyney Road
    Thornton, PA 19373

4.  ANNE RAYNOR, RN
    c/o The GEO Group, Inc.
    500 Cheyney Road
    Thornton, PA 19373

5.  NICOLE SHERON, RN
    c/o The GEO Group, Inc.
    500 Cheyney Road
    Thornton, PA 19373

6.  RACHEL SCULLY, RN
    c/o The GEO Group, Inc.
    500 Cheyney Road
    Thornton, PA 19373

7.  JULIE STOTT, RN
    c/o The GEO Group, Inc.
    500 Cheyney Road
    Thornton, PA 19373

8.  RONALD PHILLIPS, D.O.
    c/o The GEO Group, Inc.
    500 Cheyney Road
    Thornton, PA 19373

9.  KRISTEN GRADY, H.S.A.
    500 Cheyney Road
    Thornton, PA 19373

10. MEDICAL PERSONNEL
    JOHN DOES 1-10
    500 Cheyney Road
    Thornton, PA 19373

11. CORRECTIONAL JOHN DOES 1-10
    500 Cheyney Road
    Thornton, PA 19373

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Joseph Scales, 1234 Burmont Road, Havertown, Pennsylvania 19083__

Address of Defendant: __The GEO Group, inc., 500 Cheyney Road, Thornton, Pennsylvania 19373__

Place of Accident, Incident or Transaction: __George Hill Correctional Facility__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/09/2020__   _____   __13116__
Must sign here
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Harry J. Oxman, Esquire__, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __10/09/2020__   _____   __13116__
Sign here if applicable
*Attorney-At-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Joseph Scales | : | CIVIL ACTION |
| | : | |
| vs. | : | No. |
| The GEO Group, Inc., Quetta Brown-Yarsiah, NP, | : | |
| Shelly Mealo, RN, Anne Raynor, RN, Nicole Sheron, RN, | : | |
| Rachel Scully, RN, Julie Stott, RN, Ronald Phillips, DO., | : | |
| Kristen Grady, H.S.A., Medical Personnel John Does 1-10, | : | |
| and Correctional John Does 1-10 | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                 (x )

| | | |
|---|---|---|
| 10/09/2020 | Harry J. Oxman, Esquire | Joseph Scales |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| | | |
| (215) 665-9999 | (215) 569-8811 | Oxmanh@ogklawyers.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH SCALES** : | |
| **1234 Burmont Road** : | |
| **Havertown, PA 19083** : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| **vs.** : | **No. 20-_____** |
| **THE GEO GROUP, INC.;** : | |
| **500 Cheyney Road** : | **JURY TRIAL DEMANDED** |
| **Thornton, PA 19373** : | |
| : | |
| **QUETTA BROWN- YARSIAH, NP;** : | |
| **c/o The GEO Group, Inc.** : | |
| **500 Cheyney Road** : | |
| **Thornton, PA 19373** : | |
| : | |
| **SHELLY MEALO, RN;** : | |
| **c/o The GEO Group, Inc.** : | |
| **500 Cheyney Road** : | |
| **Thornton, PA 19373** : | |
| : | |
| **ANNE RAYNOR, RN;** : | |
| **c/o The GEO Group, Inc.** : | |
| **500 Cheyney Road** : | |
| **Thornton, PA 19373** : | |
| : | |
| **NICOLE SHERON, RN;** : | |
| **c/o The GEO Group, Inc.** : | |
| **500 Cheyney Road** : | |
| **Thornton, PA 19373** : | |
| : | |
| **RACHEL SCULLY, RN;** : | |
| **c/o The GEO Group, Inc.** : | |
| **500 Cheyney Road** : | |
| **Thornton, PA 19373** : | |
| : | |
| **JULIE STOTT, RN;** : | |
| **c/o The GEO Group, Inc.** : | |
| **500 Cheyney Road** : | |
| **Thornton, PA 19373** : | |
| : | |
| **RONALD PHILLIPS, D.O.;** : | |
| **c/o The GEO Group, Inc.** : | |
| **500 Cheyney Road** : | |
| **Thornton, PA 19373** : | |

**KRISTEN GRADY, H.S.A.;**                    :
**c/o The GEO Group, Inc.**                    :
**500 Cheyney Road**                            :
**Thornton, PA 19373**                          :
                                                :
**MEDICAL PERSONNEL JOHN DOES 1-10;**    :
**c/o The GEO Group, Inc.**                    :
**500 Cheyney Road**                            :
**Thornton, PA 19373**                          :
                                                :
**CORRECTIONAL JOHN DOES 1-10,**          :
**c/o The GEO Group, Inc.**                    :
**500 Cheyney Road**                            :
**Thornton, PA 19373**                          :
                    **Defendants.**             :
_____ :

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.      Plaintiff, Joseph Scales asserts claims for violation of his civil rights under 42

U.S.C. § 1983 for deliberate indifference to his medical needs while incarcerated and

supplemental state law claims for professional negligence. Plaintiff alleges that while undergoing

detoxification from heroin, opiates, benzodiazepine and alcohol, Defendants failed to properly

assess his risk of withdrawal; failed to properly assess his risks during withdrawal; failed to

appreciate his prior history of seizures; and failed to monitor his withdrawal symptoms, which

were increased in severity. As a result of this deliberate indifference and/or professional

negligence on the part of Defendants, Plaintiff experienced a withdrawal seizure, which caused

him to fall, striking his head on the cell floor, resulting in a severe head injury including a

subdural hematoma that necessistated a hemicraniotomy and evacuation of the subdural

hematoma, followed several months later by a cranioplasty. Plaintiff, Joseph Scales now seeks

damages for the substantial pain and suffering and economic losses caused by the Defendants'

conduct.

2

## II. JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this Complaint under 42

U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 1367(a), and 1391.

## III. PARTIES

3.      Plaintiff, Joseph Scales, is an individual and a citizen of the Commonwealth of

Pennsylvania residing at 1234 Burmont Road, Havertown, PA 19083. Hereinafter, Plaintiff,

Joseph Scales shall be referred to as "Scales."

4.      Defendant, The GEO Group, Inc., is a corporation dually organized and existing

under and by virtue of the laws of the State of Florida, with its principal place of business located

at 4955 Technology Way, Boca Raton, Fl, 33431. Hereinafter, Defendant The GEO Group, Inc.

shall be referred to at "GEO." At all times relevant to the causes of action of "Scales," "GEO"

operated at the George Hill Correctional Facility, hereinafter referred to as "Jail," located at 500

Cheyney Road, Thornton, Pennsylvania 19373, under a contract with the County of Delaware

Pennsylvania, where "GEO" assumed the day-to-day responsibility of comprehensive and

complete correctional services, including providing the medical services for inmates a "Jail."

"Scales" is pursing a professional liability claim and claims for violations of "Scales"

constitutional rights under the Fourteenth Amendments to the United State Constitution for

deliberate indifference to the medical needs of "Scales."

5.      Defendant, Quetta Brown-Yarsiah, NP, is a nurse practitioner, licensed to provide

medical services and at all times relevant hereto, was an employee of "GEO" providing medical

services at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373,  to inmates,

including "Scales." "Scales" is pursing a professional liability claim and claims for violations of

"Scales" constitutional rights under the Fourteenth Amendment to the United States Constitution

3

for deliberate indifference to the medical needs of "Scales." Hereinafter Defendant, Quetta
Brown-Yarsiah, NP shall be referred to as "Yarsiah."

6.    Defendant, Shelly Mealo, RN, is a registered nurse, licensed to provide nursing
services and at all times relevant hereto, was an employee of "GEO" providing medical services
at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373, to inmates, including
"Scales." "Scales" is pursing a professional liability claim and claims for violations of "Scales"
constitutional rights under the Fourteenth Amendment to the United States Constitution for
deliberate indifference to the medical needs of "Scales." Hereinafter Defendant, Shelly Mealo,
RN shall be referred to as "Mealo."

7.    Defendant, Anne Raynor, RN, is a registered nurse, licensed to provide nursing
services and at all times relevant hereto, was an employee of "GEO" providing medical services
at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373, to inmates, including
"Scales." "Scales" is pursing a professional liability claim and claims for violations of "Scales"
constitutional rights under the Fourteenth Amendment to the United States Constitution for
deliberate indifference to the medical needs of "Scales." Hereinafter Defendant, Anne Raynor,
RN shall be referred to as "Raynor."

8.    Defendant, Nicole Sheron, RN, is a registered nurse, licensed to provide nursing
services and at all times relevant hereto, was an employee of "GEO" providing medical services
at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373, to inmates, including
"Scales." "Scales" is pursing a professional liability claim and claims for violations of "Scales"
constitutional rights under the Fourteenth Amendment to the United States Constitution for
deliberate indifference to the medical needs of "Scales." Hereinafter Defendant, Nicole Sheron,
RN shall be referred to as "Sheron."

4

9.      Defendant, Julie Stott, RN, is a registered nurse, licensed to provide nursing services and at all times relevant hereto, was an employee of "GEO" providing medical services at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373, to inmates, including "Scales." "Scales" is pursing a professional liability claim and claims for violations of "Scales" constitutional rights under the Fourteenth Amendment to the United States Constitution for deliberate indifference to the medical needs of "Scales." Hereinafter Defendant, Julie Stott, RN shall be referred to as "Stott."

10.      Defendant, Rachel Scully, RN, is a registered nurse, licensed to provide nursing services and at all times relevant hereto, was an employee of "GEO" providing medical services at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373, to inmates, including "Scales." "Scales" is pursing a professional liability claim and claims for violations of "Scales" constitutional rights under the Fourteenth Amendment to the United States Constitution for deliberate indifference to the medical needs of "Scales." Hereinafter Defendant, Rachel Scully, RN shall be referred to as "Scully."

11.      Defendant, Ronald Phillips, D.O. is a physician licensed to practice medicine in the Commonwealth of Pennsylvania and at all times relevant hereto, was an employee of "GEO" providing medical services and acting as Medical Director at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373, to inmates, including "Scales." "Scales" is pursing a professional liability claim and claims for violations of "Scales" constitutional rights under the Fourteenth Amendment to the United States Constitution for deliberate indifference to the medical needs of "Scales." Hereinafter Defendant, Ronald Phillips, DO shall be referred to as "Phillips."

12.      Defendant, Kristen Grady, Health Services Administrator, known as a H.S.A. is a

5

registered nurse, and at all times relevant hereto, was an employee of "GEO" providing oversight of administrative medical services at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373, to inmates, including "Scales." "Scales" is pursing a professional liability claim and claims for violations of "Scales" constitutional rights under the Fourteenth Amendment to the United States Constitution for deliberate indifference to the medical needs of "Scales." Hereinafter Defendant, Kristen Grady, HSA shall be referred to as "Grady."

13. Defendants Medical Personnel John Does 1-10, at all times relevant to the Complaint, were medical professionals employed by Defendant, "GEO," assigned to provide medical services at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373. Plaintiff does not presently know the names of these Defendants, but will seek leave to amend the complaint so as to name each appropriate Defendant after initial discovery. "Scales" is pursing a professional liability claim and claims for violations of "Scales" constitutional rights under the Fourteenth Amendment to the United States Constitution for deliberate indifference to the medical needs of "Scales." Hereinafter, Defendants Medical John Does 1-10 shall be referred to as "Medical John Does."

14. Defendants Correctional John Does 1-10, at all times relevant to the Complaint, were correctional officers or supervisors employed by Defendant, "GEO," assigned to provide correctional services at "Jail," located at 500 Cheyney Road, Thornton, Pennsylvania 19373. Plaintiff does not presently know the names of these Defendants, but will seek leave to amend the complaint so as to name each appropriate Defendant after initial discovery. "Scales" is pursing a professional liability claim and claims for violations of "Scales" constitutional rights under the Fourteenth Amendment to the United States Constitution for deliberate indifference to the medical needs of "Scales." Hereinafter, Defendants Correctional John Does 1-10 shall be

6

referred to as "Correctional John Does."

15.     At all times relevant to the Complaint, Defendants "Yarsiah," "Mealo," "Raynor,"
"Sheron," "Stott," "Scully," "Phillips," "Grady," "Medical John Does," and "Correctional John
Does" were acting within the scope and course of their employment and were acting under the
direct control and supervision of Defendant "GEO."

## IV. FACTUAL ALLEGATIONS

16.     The allegations contained previously are incorporated herein as though fully set
forth at length.

17.     On or about October 8, 2018, "Scales" was arrested for driving under the
influence of alcohol or a controlled substance.

18.     On or about October 8th or 9th of 2018, "Scales" was transported to "Jail" where
he underwent an intake medical screening completed by "Yarsiah" at approximately 3:00 a.m.

19.     During the medical screening, "Yarsiah" noted that "Scales" used prescription or
illicit drugs or alcohol and that "Scales" reported that when he goes in to withdrawal, he
experiences symptoms of cold sweats, chills, body aches, and insomnia.

20.     The medical screening conducted by "Yarsiah" also noted that "Scales" had a
history of seizures. It is well known among medical and correctional staff that seizures are a
potential consequence of withdrawal from alcohol, heroin, and benzodiazepines.

21.     "Yarsiah" also noted that "Scales'" drug panel came back positive for
benzodiazepines, cocaine, opiates and THC.

22.     "Yarsiah" did not document the amount of "Scales" daily consumption of heroin,
opiates, benzodiazepines, alcohol, cocaine or other prescriptions drugs he was using at the time
of the medical screening. "Yarsiah" also did not note the duration of time that "Scales" was

7

abusing heroin, opiates, benzodiazepines, alcohol, cocaine or other prescriptions drugs.

23.     "Scales" current list of medications at the time of the medical screening by "Yarsiah" included suboxone, valium, and gabapentin, also medications that are known to cause withdrawal symptoms if stopped suddenly. "Scales" was not asked by "Yarsiah," about whether he was taking these medications in larger doses than prescribed.

24.     The drug valium is considered a benzodiazepine.

25.     "Yarsiah" documented that "Scales" had a benzodiazepine dependence, but does not document that "Scales" is at risk for benzodiazepine withdrawal.

26.     "Yarsiah" assessed that "Scales" required monitoring for potential withdrawal from substance abuse for opiate withdrawal, but does not note "Scales" risk for withdrawal from benzodiazepines or alcohol. "Yarsiah" assessed "Scales" at a mild-moderate risk of opiate withdrawal and placed "Scales" in the general population.

27.     Use of heroin, and abuse of benzodiazapines, suboxone and alcohol are not uncommon issues for inmates at "Jail," with more than half of inmates reporting addiction issues at "Jail."

28.     Between October 9, 2018 and October 11, 2018, "Scales" was observed and examined by Defendants, "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," "Medical Joe Does," and "Correctional John Does" who both documented and observed increasing symptoms of withdrawal in "Scales."

29.     Symptoms observed and documented by "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully,""Medical Joe Does," and "Correctional John Does" included chills, restlessness, only tolerating small amounts of oral food and fluids, not sleeping well, sweats, body aches, and abnormal vital signs.

8

30.     On October 10, 2018, "Scales" made a medical request stating, "I'm in extreme pain, can't sleep." "Scales attributed this pain to what he thought was nerve pain, however upon information and belief, this complaint was likely severe body aches caused by withdrawal.

31.     No action was taken by "Medical John Does 1-10" or "Correctional John Does 1-10" regarding "Scales" medical request.

32.     At approximately 10:18 a.m., "Scully" documented that "Scales" complained of sweats, chills and muscles aches. In response, "Scully" encouraged fluids. "Scales" was not moved to the "Jail's" medical unit or an outside medical facility for more intensive care and monitoring despite his increased symptoms and past history of seizures.

33.     Approximately 3 hours later at 1:06 p.m., "Scales" suffered a withdrawal seizure, collapsed and struck his head on his cell floor, causing a subdural hematoma, which necessitated "Scales" undergoing a decompressing hemicraniotomy and evacuation of the subdural hematoma, followed several months later by a cranioplasty surgery.

34.     Reasonably trained correctional policymakers and officers and reasonably trained practitioners of correctional healthcare are particularly attuned to patterns of heroin, opiate, benzodiazepine and alcohol abuse due to the disproportionately high number of inmates who abuse these substances.

35.     Reasonably trained correctional policymakers and officers and reasonably trained practitioners of correctional healthcare are, likewise, aware of the significant medical issues present in inmates who are detoxifying from heroin, benzodiazepines and alcohol, due to the sudden termination of their usage upon admission to a correctional facility.

36.     Detoxification from heroin, benzodiazepines and alcohol abuse is known to have several dangerous medical consequences and, as such, inmates experiencing heroin,

9

benzodiazepine and/or alcohol detoxification have serious medical needs.

37.     Such dangerous medical consequences are particularly likely to be present in persons, such as "Scales, who are long-term abusers of heroin, opiates, benzodiazepines and alcohol.

38.     The serious medical consequences present with heroin, opiate, benzodiazepine and/or alcohol withdrawal include seizures. Trained correctional policymakers and officers and reasonably trained practitioners of correctional healthcare are aware that seizures are a potentially life-threatening consequence of the detoxifying process.

39.     For these reasons, basic standards of correctional healthcare requires that persons who are admitted to correctional facilities with evidence of heroin, opiate, benzodiazepine, and/or alcohol abuse be consistently monitored to ascertain the progression of an inmate's withdrawal symptoms.

40.     Further, basic standards of correctional healthcare requires that when an inmate has a trend of worsening symptoms of withdrawal, that the inmate be moved out of general population to the correctional facility's medical unit or an outside medical facility for constant monitoring of the inmate's withdrawal symptoms.

41.     Such standards are necessary to ensure that an inmate, such as "Scales," who is experiencing increasing withdrawal symptoms is not at risk for more serious medical consequences, including seizures.

42.     Defendant, "GEO" and its supervisory employees including, but not limited to "Phillips" and "Grady," regularly practices correctional health care and holds themselves out as experts in the medical issues presented in an inmate population, is aware of the needs of monitoring the progression of withdrawal symptoms in inmates admitted to "Jail" with histories

10

of heroin, opiate, benzodiazepine, and/or alcohol abuse.

43.     Defendant, "GEO," and its supervisory employees including, but not limited to

"Phillips" and "Grady," are aware of the need to establish specific policies, practices and

guidelines for their respective employees regarding care for inmates who are detoxing from

heroin, opiate, benzodiazepine, and/or alcohol.

44.     Upon information and belief, Defendant "Medical John Does 1-10," were aware

of "Scales" abuse of heroin, opiate, benzodiazepine, and/or alcohol, as well as, the fact the he

was undergoing detoxification and experiencing an increasing pattern of withdrawal symptoms.

45.     Upon information and belief, Defendant "Correctional John Does 1-10," were

aware of "Scales" abuse of heroin, opiate, benzodiazepine, and/or alcohol, as well as, the fact the

he was undergoing detoxification and experiencing an increasing pattern of withdrawal

symptoms.

46.     Upon information and belief, the failure to properly gather information about the

amount and usage pattern of "Scales" abuse of heroin, opiates, benzodiazepine, and alcohol at the

time of the initial medical screening, as well as, the failure to properly monitor the increasing

pattern of "Scales" withdrawal  symptomatology, was due to a policy, practice and/or custom

and/or a lack of policy, practice or custom, which required a more thorough medical screening

and transfer of an inmate with increasing withdrawal symptomatology to "Jail's" medical unit or

an outside medical facility for more intensive care and constant monitoring of the inmate's

withdrawal symptoms.

47.     The failures of the named Defendants to provide a thorough medical screening to

assess "Scales" drug use amount and length of abuse and failure to transfer him to the "Jail's"

11

medical unit or an outside medical facility for more intensive care and constant monitoring of his withdrawal symptoms when there was a trend demonstrating the symptoms were worsening in severity, were due to the failures of Defendants, "GEO," with deliberate indifference, to establish appropriate policies, practices and procedures.

48.     At all times relevant, "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," "Medical Joe Does," and "Correctional John Does" were aware of "Scales" serious medical needs and failed, with deliberate indifference, to ensure the "Scales" received the medically necessary medical screening and monitoring of his withdrawal symptoms.

49.     At all time relevant, "Phillips" was the Medical Director and "Grady" was the Health Services Administrator at "Jail." Both "Phillips" and "Grady" have supervisory responsibilities over the nurses and medical staff at "Jail," including "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," and "Medical Joe Does."

50.     Part of "Phillips" and "Grady's" duties and responsibilities included ensuring that medical policies and procedures within the "Jail" were being followed, which includes enforcing policies for the information to be gathered during intake medical screenings of inmates who are at risk of suffering withdrawal from heroin, opiates, benzodiazepine, and/or alcohol during their incarceration; enforcing policies which, require inmates who are experiencing severe withdrawal symptoms, such as "Scales," to be removed from general population and taken to the "Jail's" medical unit or a outside medical facility for more intensive care; and constant monitoring of the withdrawal symptoms.

51.     Based on information and belief, "Phillips" and "Grady" were aware of the fact that inmates with withdraw symptoms were not being assessed and monitored according to

12

proper policies, protocols and procedures.

52.     At all times relevant to this Complaint, the conduct of all Defendants was

deliberately indifferent to "Scales" rights under federal law and/or professionally negligent under

state law.

<h3 style="text-align:center">COUNT I</h3>

<strong>PLAINTIFF, JOSEPH SCALES v. THE GEO GROUP, INC.<br>DELIBERATE INDIFFERENCE TO THE NEED OF MEDICAL CARE AND THE<br>DENIAL OF MEDICAL ATTENTION UNDER THE FOURTEENTH AMENDMENT<br>MONELL</strong>

53.     The allegations contained previously are incorporated herein as though fully set

forth at length.

54.     At all times relevant hereto, there existed a contract between Delaware County

and "GEO," whereby "GEO" provided at "Jail" on behalf of Delaware County, all "Jail" medical

and mental health services to inmates, including but not limited to, intake evaluations, mental

health evaluations, substance abuse evaluations, medical treatment evaluations, transfers to

outside medical facilities for further intensive treatment and/or evaluations, as well as, prompt

and appropriate medical treatment for inmates detoxing from heroin, opiates, benzodiazepines

and alcohol.

55.     The implementation of the previously mentioned contract between Delaware

County and "GEO" at "Jail" required that "GEO" have in place policies, procedures and/or

protocol at "Jail" in order to meet the contract requirements.

56.     "GEO" was deliberately indifferent to the medical needs of inmates by:

        a)      Failing to provide policies, procedures and protocols and/or employee

13

training for comprehensive intake medical screening of "Scales," which would have included documenting the amount of "Scales" consumption of heroin, opiates, benzodiazepines, and alcohol, which are necessary for assessing "Scales" risk for withdrawal;

b)      Failing to provide policies, procedures and protocols and/or employee training for comprehensive intake medical screening of "Scales," which would have included documenting the duration of time that "Scales" had been abusing heroin, opiates, benzodiazepines, and alcohol, which are necessary for assessing "Scales" risk for withdrawal; and

c)      Failing to provide policies, procedures and protocols and/or employee training for timely review by medical staff of medical requests, especially from inmates, such as "Scales" who are known to be going through the detox process and are at an increased risk of suffering severe medical consequences in the absence of prompt medical treatment.

57.      The failures of "GEO" to enact the previously described policies, procedures, and/or protocols constitute the denial to "Scales" of his constitutionally protected civil rights and deliberate indifference to his right to medical attention, resulting in "Scales" experiencing a subdural hematoma, undergoing a hemicraniotomy and evacuation of the subdural hematoma, undergoing a cranioplasty, as well as, the lasting affects of memory loss, loss of coordination, neurologic deficits, slurred speech, brain injury, confusion, exacerbation of depression, exacerbation of anxiety and pain and suffering.

14

## COUNT II

### PLAINTIFF, JOSEPH SCALES v. THE GEO GROUP, INC.
### CORPORATE LIABILITY
### NEGLIGENCE AND CARELESSNESS

58.     The allegations contained previously are incorporated herein as though fully set forth at length.

59.     At all times relevant hereto, there existed a contract between Delaware County and "GEO," whereby "GEO" provided at "Jail" on behalf of Delaware County, all "Jail" medical and mental health services to inmates, including but not limited to, intake evaluations, mental health evaluations, substance abuse evaluations, medical treatment evaluations, transfers to outside medical facilities for further intensive treatment and/or evaluations, as well as, prompt and appropriate medical treatment for inmates detoxing from heroin, opiates, benzodiazepines and alcohol.

60.     The conduct of "GEO" was negligent and careless in the following manner:

      a)    Failing to provide policies, procedures and/or protocols for comprehensive intake medical screening of "Scales," which would have included documenting the amount of "Scales" consumption of heroin, opiates, benzodiazepines, and alcohol, which are necessary for assessing "Scales" risk for withdrawal;

      b)    Failing to provide policies, procedures and/or protocols for comprehensive intake medical screening of "Scales," which would have included documenting the duration of time that "Scales" had been abusing heroin, opiates, benzodiazepines, and alcohol, which are necessary for assessing

15

"Scales" risk for withdrawal; and

c)    Failing to provide policies, procedures and/or protocols for timely review by medical staff of medical requests, especially from inmates, such as "Scales" who are known to be going through the detox process and are at an increased risk of suffering severe medical consequences in the absence of prompt medical treatment.

## COUNT III

### PLAINTIFF, JOSEPH SCALES v. THE GEO GROUP, INC.
### VICARIOUS LIABILITY

61.    The allegations contained previously are incorporated herein as though fully set forth at length.

62.    At all times relevant hereto, namely between October 8, 2018 and October 11, 2018, "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," "Phillips," "Grady," "Medical John Does," and "Correctional John Does" were agents, servants, workmen, employees, and/or ostensible agents of "GEO" acting within the course and scope of their employment and on the business of "GEO."

63.    "GEO" is vicariously liable because of the negligence and carelessness of "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," "Phillips," "Grady," "Medical John Does," and "Correctional John Does" resulted in "Scales" suffering damages hereinafter more fully described.

## COUNT IV

### PLAINTIFF, JOSEPH SCALES v. DEFENDANTS, QUETTA BROWN-YARSIAH, NP,

16

**SHELLY MEALO, RN, ANNE RAYNOR, RN, NICOLE SHERON, RN, RACHEL SCULLY, RN, JULIE STOTT, RN, MEDICAL PERSONNEL JOHN DOES 1-10, AND CORRECTIONAL JOHN DOES 1-10**
**DELIBERATE INDIFFERENCE TO THE NEED OF MEDICAL CARE AND THE  OF MEDICAL ATTENTION UNDER THE FOURTEENTH AMENDMENT**

64.     The allegations contained previously are incorporated herein as though fully set forth at length.

65.     "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," "Medical John Does," and "Correctional John Does" were deliberately indifferent to the medical needs of "Scales" by:

        a)     Failing to provide a comprehensive intake medical screening of "Scales," which would have included documenting the amount of "Scales" consumption of heroin, opiates, benzodiazepines, and alcohol, which are necessary for assessing "Scales" risk for withdrawal;

        b)     Failing to provide a comprehensive intake medical screening of "Scales," which would have included documenting the duration of time that "Scales" had been abusing heroin, opiates, benzodiazepines, and alcohol, which are necessary for assessing "Scales" risk for withdrawal;

        c)     Failing to consider the significance of "Scales'" prior history of seizures when assessing his risk for withdrawal;

        d)     Failing to give "Scales" the proper medications to treat his symptoms of withdrawal;

        e)     Failing to treat "Scales" worsening symptoms of withdrawal;

        f)     Failing to properly monitor and assess "Scales" symptoms of withdrawal between October 8, 2018 and October 11, 2018;

17

g)     Failing to transfer "Scales" to the "Jail's" medical unit or an outside
       medical facility when his symptoms of withdrawal worsened;

h)     Failing to consider that "Scales'" medical request on October 10, 2018, in
       which he complained of severe pain and inability to sleep was because he
       was going through severe withdrawal; and

i)     Failing to review "Scales" October 10, 2018 medical request to see a
       physician for severe pain and inability to sleep, which were symptoms of
       severe withdrawal;

66.    The conduct of "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully,"
"Medical John Does," and "Correctional John Does" constitutes deliberate indifference to the
medical needs of "Scales" thus, violating his civil rights under the Fourteenth Amendment,
resulting in "Scales" experiencing a subdural hematoma, undergoing a hemicraniotomy and
evacuation of the subdural hematoma, undergoing a cranioplasty, as well as, the lasting affects of
memory loss, loss of coordination, neurologic deficits, slurred speech, brain injury, confusion,
exacerbation of depression, exacerbation of anxiety, and pain and suffering.

## COUNT V

### PLAINTIFF, JOSEPH SCALES v. DEFENDANTS, RONALD PHILLIPS, DO AND KRISTEN GRADY, HSA
### DELIBERATE INDIFFERENCE TO THE NEED OF MEDICAL CARE AND THE OF MEDICAL ATTENTION UNDER THE FOURTEENTH AMENDMENT

67.    The allegations contained previously are incorporated herein as though fully set
forth at length.

68.    At all times relevant hereto, namely between October 8, 2018 and October 11,

18

2018, "Phillips" and "Grady" were agents, servants, workmen, employees, and/or ostensible agents of "GEO" acting within the course and scope of their employment and on the business of "GEO."

69.     "Phillips" and "Grady" were deliberately indifferent to the medical needs of "Farrington" by:

> a)     Failing to enforce policies, procedures and protocol requiring information to be gathered during intake medical screenings of inmates who are at risk of suffering withdrawal from heroin, opiates, benzodiazepine, and/or alcohol during their incarceration to include the amount and duration of abuse;
>
> b)     Failing to enforce policies, procedures and protocol which, require inmates who are experiencing severe withdrawal symptoms, such as "Scales," to be removed from general population and taken to the "Jail's" medical unit or a outside medical facility for more intensive care and constant monitoring of the withdrawal symptoms; and
>
> c)     Failing to properly supervise "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," and "Medical John Does."

70.     The conduct of "Phillips" and "Grady" constitutes deliberate indifference to the medical needs of "Scales" thus, violating his civil rights under the Fourteenth Amendment, resulting in "Scales" experiencing a subdural hematoma, undergoing a hemicraniotomy and evacuation of the subdural hematoma, undergoing a cranioplasty, as well as, the lasting affects of memory loss, loss of coordination, neurologic deficits, slurred speech, brain injury, confusion,

19

exacerbation of depression, exacerbation of anxiety, and pain and suffering.

## COUNT VI

### PLAINTIFF, JOSEPH SCALES v. DEFENDANTS, , QUETTA BROWN-YARSIAH, NP, SHELLY MEALO, RN, ANNE RAYNOR, RN, NICOLE SHERON, RN, RACHEL SCULLY, RN, JULIE STOTT, RN, MEDICAL PERSONNEL JOHN DOES 1-10, AND CORRECTIONAL JOHN DOES 1-10 NEGLIGENCE AND CARELESSNESS

71.     The allegations contained previously are incorporated herein as though fully set forth at length.

72.     At all times relevant hereto, namely between October 8, 2018 and October 11, 2018, "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," "Medical John Does," and "Correctional John Does" were agents, servants, workmen, employees, and/or ostensible agents of "GEO" acting within the course and scope of their employment and on the business of "GEO."

73.     "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," "Medical John Does," and "Correctional John Does" were negligent and careless in their conduct directed toward "Scales" as follows:

    a)     Failing to provide a comprehensive intake medical screening of "Scales," which would have included documenting the amount of "Scales" consumption of heroin, opiates, benzodiazepines, and alcohol, which are necessary for assessing "Scales" risk for withdrawal;

    b)     Failing to provide a comprehensive intake medical screening of "Scales," which would have included documenting the duration of time that "Scales" had been abusing heroin, opiates, benzodiazepines, and alcohol,

20

which are necessary for assessing "Scales" risk for withdrawal;

c)   Failing to consider the significance of "Scales'" prior history of seizures when assessing his risk for withdrawal;

d)   Failing to give "Scales" the proper medications to treat his symptoms of withdrawal.

e)   Failing to treat "Scales" worsening symptoms of withdrawal;

f)   Failing to properly monitor and assess "Scales" symptoms of withdrawal between October 8, 2018 and October 11, 2018;

g)   Failing to transfer "Scales" to the "Jail's" medical unit or an outside medical facility when his symptoms of withdrawal worsened;

h)   Failing to consider that "Scales'" medical request on October 10, 2018, in which he complained of severe pain and inability to sleep was because he was going through severe withdrawal; and

i)   Failing to review "Scales" October 10, 2018 medical request to see a physician for severe pain and inability to sleep, which were symptoms of severe withdrawal;

74.   The negligence and carelessness of "Yarsiah," "Mealo," "Raynor," "Sheron," "Stott," "Scully," "Medical John Does," and "Correctional John Does," as previously alleged resulted in "Scales" experiencing a subdural hematoma, undergoing a hemicraniotomy and evacuation of the subdural hematoma, undergoing a cranioplasty, as well as the lasting affects of memory loss, loss of coordination, neurologic deficits, slurred speech, brain injury, confusion, exacerbation of depression, exacerbation of anxiety, and pain and suffering.

21

## COUNT VII

## PLAINTIFF, JOSEPH SCALES v. DEFENDANTS, RONALD PHILLIPS, DO AND KRISTEN GRADY, HSA, NEGLIGENCE AND CARELESSNESS

75.    The allegations contained previously are incorporated herein as though fully set forth at length.

76.    At all times relevant hereto, namely between October 8, 2018 and October 11, 2018, "Phillips" and "Grady" were agents, servants, workmen, employees, and/or ostensible agents of "GEO" acting within the course and scope of their employment and on the business of "GEO ."

77.    "Phillips" and "Grady" were negligent and careless in their conduct directed toward "Scales" as follows:

        a)    Failing to enforce policies, procedures and protocol requiring information to be gathered during intake medical screenings of inmates who are at risk of suffering withdrawal from heroin, opiates, benzodiazepine, and/or alcohol during their incarceration to include the amount and duration of abuse;

        b)    Failing to enforce policies, procedures and protocol which, require inmates who are experiencing severe withdrawal symptoms, such as "Scales," to be removed from general population and taken to the "Jail's" medical unit or a outside medical facility for more intensive care and constant monitoring of the withdrawal symptoms; and

22

c)      Failing to properly supervise "Yarsiah," "Mealo," "Raynor," "Sheron,"
"Stott," "Scully," and "Medical John Does."

78.     The negligence and carelessness of "Phillips" and "Grady," as previously alleged
resulted in "Scales" experiencing a subdural hematoma, undergoing a hemicraniotomy and
evacuation of the subdural hematoma, undergoing a cranioplasty, as well as, the lasting affects of
memory loss, loss of coordination, neurologic deficits, slurred speech, brain injury, confusion,
exacerbation of depression, exacerbation of anxiety, and pain and suffering.

## COUNT VIII

## DAMAGES

79.     The allegations contained previously are incorporated herein as though fully set
forth at length.

80.     As a result of the conduct previously alleged as to all Defendants, "Scales"
suffered a withdrawal seizure which resulted in a subdural hematoma, requiring him to undergo a
hemicraniotomy and evacuation of the subdural hematoma, undergo a cranioplasty, as well as,
suffer the lasting affects of memory loss, loss of coordination, neurologic deficits, slurred speech,
brain injury, confusion, exacerbation of depression, exacerbation of anxiety, pain and suffering,
and severe and permanent shock to his nervous system, as a result of which he has suffered, and
may, and probably will in the future, continue to suffer great pain, inconvenience,
embarrassment, mental anguish, humiliation, agony, and he has been and probably will be in the
future hindered from performing or tending to his usual daily duties to his great financial damage
and loss.

81.     "Scales" further avers that as a result of his injuries he has suffered a loss of his

23

earning capacity and an impairment of his earning capacity and that this impairment will continue permanently into his future.

82.     "Scales" further avers that as a result of the foregoing, he has incurred medical, diagnostic testing, and medication expenses in an effort to treat and cure himself and will be required to incur the same expenses for an indefinite time in the future.

83.     "Scales" further avers that as a result of the foregoing, he has suffered a loss of life's pleasures.

**ATTORNEY FEES**

84.     It was necessary for "Scales," to hire the under-signed attorney to file this lawsuit. Upon judgment, "Scales" Is entitled to an award of attorney fees and costs under 42 U.S.C. §1988 (b).

**PRAYER**

85.     The allegations contained previously are incorporated herein as though fully set forth at length.

86.     **WHEREFORE**, Plaintiff, Joseph Scales, demands judgment against the defendants individually, jointly and/or in the alternative for compensatory damages, punitive damages, attorney fees, interest and costs of suit in an amount in excess of $150,000 and such relied as this Court may deem fit.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

87.     Plaintiff, Joseph Scales, asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

24

Respectfully submitted,

OXMAN GOODSTADT KURITZ, P.C.

HARRY J. OXMAN, ESQUIRE
ID No. 13116
oxmanh@ogklawyers.com
DAWNA M. COFFEY, ESQUIRE
ID No. 323636
coffeyd@ogklawyers.com

1015 Chestnut St., Suite 1500
Philadelphia, PA 19107
(215) 665-9999
(215)569-8811 (fax)

Attorneys for Plaintiff, Joseph Scales

Date:  10| 9 |20

25

# **V E R I F I C A T I O N**

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

PLAINTIFF